U.S. District Court
Wisconsin Eastern
SEP 30 2026
FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES D. SKENANDORE,
Plaintiff,

v. Civil Case No.: ______________

SHAWNEEN RISLER and
RISLER COUNSELING AND CONSULTING, LLC, Domestic Limited Liability Company
Defendants.

---

INITIAL COMPLAINT & STATEMENT OF FACTS
(Professional Malpractice, Boundary Exploitation, & Intentional Infliction)

PARTIES

1. PLAINTIFF: Plaintiff Charles D. Skenandore is an individual residing at ~~W1215 Beechtree Ln.,~~ N7373 Red willow Parkway #1B Oneida, WI 54155, receiving mandated mental health treatment under Wisconsin parole supervision.
2. DEFENDANTS: Defendant Shawneen Risler is a licensed counselor who treated Plaintiff. Defendant Risler Counseling and Consulting, LLC is a private business entity owned and operated by Defendant Risler in Bellevue, WI.

STATEMENT OF FACTS

I. Boundary Violations and Patient Exploitation. J
1. On September 2, 2025, Plaintiff began intake sessions with Defendant Shawneen Risler. Over subsequent sessions, Plaintiff disclosed deep personal trauma.
2. Defendant Risler began exhibiting inappropriate personal interest in Plaintiff, interrogating him about his personal relationships, telling him that "no woman can help you right now," and demanding that he "only trust her."
3. Risler repeatedly coerced Plaintiff to cut ties with his personal support network and relationships, isolating Plaintiff from his support systems.
~~4. On September 30, 2025, Risler violated HIRAA and patient confidentiality by filing an unauthorized complaint against Plaintiff's personal relationship with her employer and the State~~

~~of Wisconsin, disclosing Plaintiff's confidential prescription details and therapy statements.~~

II. Off-Premises Contact and Private Practice Solicitation

5. On March 5, 2026, at approximately 10:00 PM, Risler contacted Plaintiff via Facebook from her business entity (*Risler Counseling and Consulting LLC*) and solicited Plaintiff to join her private practice.

6. Between March 6 and March 10, 2026, Risler messaged and called Plaintiff daily on ~~[illegible]~~ different ~~phone numbers~~ forms of communication. During phone calls (including a 29-minute call on March 6 and a 19-minute call on March 9), Risler expressed romantic feelings, stating she left her prior employment "for him" and calling him a "gift." She also provided her personal phone number.

7. Risler explicitly instructed Plaintiff to cut off support systems and leverage his personal life to assist Risler in personal rivalries.

III. Coercive Control and Exploitation of Parole Status

8. During a session on March 10, 2026, Risler engaged in unprofessional conduct, including conducting sessions while smoking outside and ignoring Plaintiff's distress.

9. Risler repeatedly emphasized her connections to law enforcement, judges, and parole officers. Knowing Plaintiff was under active parole supervision, Risler used this dynamic to instill extreme fear that non-compliance with her demands would result in false reports to his parole officer and re-incarceration.

10. Out of fear for his freedom, Plaintiff felt forced to comply with Risler's demands, causing severe panic, severe mental breakdown, and forced separation from his support systems.

IV. Unauthorized Disclosures & Pre-Litigation Demands

11. On March 12, 2026, Risler contacted Plaintiff's parole agent, Kyle Bartell, without a signed Release of Information (ROI) or Plaintiff's consent, violating privacy laws.

12. On March 13, 2026, Risler admitted in writing that she disclosed Plaintiff's private contact information to third parties (Oneida Business Committee members).

13. On March 24, 2026, when Plaintiff served a pre-litigation settlement demand to resolve these boundary violations, Risler responded by having an associate verbally harass and shout at Plaintiff over the phone. And also contacted Probation and parole to get plaintiff violated.

V. Damages

14. As a direct result of Defendant Risler's egregious professional malpractice, boundary crossings, and intentional emotional distress, Plaintiff suffered severe physical harm (weight loss from 224 lbs to 136 lbs, severe stomach ulcers) and extreme psychological trauma.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants Shawneen Risler and Risler Counseling and Consulting, LLC for professional negligence, intentional infliction of emotional distress, and gross boundary exploitation.

Dated this 29th day of September, 2026.

Respectfully submitted,

Charles D. Skenandore, Pro Se
[redacted] N7373 red willow Parkway #1B
Oneida, WI 54155