UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**CHARLES D. SKENANDORE,**

**Plaintiff,**

**v.** **Case No. 26-C-1805**

**SHAWNEEN RISLER and RISLER COUNSELING AND CONSULTING, LLC,**

**Defendants.**

---

## SCREENING ORDER

---

Plaintiff Charles D. Skenandore, who is currently representing himself, filed this action against Defendants Shawneen Risler and Risler Counseling and Consulting, LLC. Plaintiff alleges Risler took a personal interest in him and exploited him as a patient after he spoke with her as a counselor. Compl., ¶¶ 1–7, Dkt. No. 1. He also claims that Risler coerced him to comply with her demands and released his information without consent. *Id.* ¶¶ 8–13.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). Prompt screening of a complaint prior to service, especially when the plaintiff is pro se, serves the important function of protecting putative defendants from the expense of hiring an attorney in order to respond to patently frivolous claims brought either out of ignorance of the law or with intent to embarrass or harass. *Id*. When exercising this discretion, however, a judge "must take care that initial impressions, and the lack of an adversarial presentation, not lead to precipitate action that backfires and increases the duration and cost of the case." *Id*. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at any point in the

proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). After reviewing the complaint, the Court finds that it has no subject matter jurisdiction over this action based on either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff has failed to sufficiently plead a federal question. For a court to consider federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Plaintiff's complaint neither alleges any violation of federal law nor relies on a federal cause of action, and therefore federal question jurisdiction does not exist.

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell v. Tribune Ent. Co.*, 106 F.3d 215, 217 (7th Cir. 1997). Complete diversity does not exist in this case because Plaintiff and Defendant Risler Counseling and Consulting, LLC are citizens of Wisconsin.

For these reasons, this action is dismissed *sua sponte* for lack of subject matter jurisdiction.

**SO ORDERED** at Green Bay, Wisconsin this 1st day of October, 2026.

William C. Griesbach
United States District Judge